NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 06-CV-278-GFVT

DANIEL JUAREZ                                                                         PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

HECTOR RIOS                                                                          RESPONDENT

Daniel Juarez ("Juarez") is incarcerated at the United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky, who has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2].[1] He has paid the $5.00 filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. §1915(e)(2) a district court can dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails

---

[1] As the Court will discuss *infra*, based upon the petitioner's submissions filed collectively as Record No. 6, he may also be asserting a claim under the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671 *et seq.* (hereinafter "FTCA").

to state a claim upon which relief can be granted. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## CLAIMS

The petitioner alleges that his due process rights, under the Fifth Amendment of the United States Constitution, were violated when the Bureau of Prisons ("BOP") revoked **27 days** of Good Time Credit ("GTC") from his federal sentence. The revocation of the GTC was the result of a disciplinary conviction. He alleges that the there was no evidence to support the punishment which resulted from the disciplinary conviction.

## RESPONDENT

The named respondent is Suzanne Hastings, the former warden of USP-Big Sandy. The Court takes judicial notice of the fact that Hector Rios is now the warden of USP-Big Sandy. Accordingly, the Clerk will be directed to substitute Rios as the respondent in this proceeding.

## RELIEF REQUESTED

The petitioner seeks the reinstatement of the 41 days of GTC.

## ALLEGATIONS OF THE PETITION
### 1. Disciplinary Charges and Conviction

The petitioner states that on March 25, 2005, he was serving his federal sentence at the Federal Correctional Institution Beaumont ("FCI-Beaumont") located in Beaumont, Texas. He states that on that date, another inmate at FCI-Beaumont (Inmate Yabarra) assaulted him. Petitioner states that he was pinned against a table and that he fell on Yabarra. As a correctional officer pulled him off of Yabarra, he (petitioner) lay on the floor. While he

was lying on the floor, yet another inmate (Macias) proceeded to kick him in the head and face.

Petitioner received an incident report in which he was charged with fighting with another inmate, a characterization which the petitioner challenges. Petitioner asserts that he was merely defending himself against the physical assaults by the two other inmates. The Disciplinary Hearing Officer ("DHO") imposed the following sanctions: (1) the petitioner was ordered to serve thirty (30) days in disciplinary segregation; (2) twenty-seven days of GTC was disallowed; (3) the petitioner's telephone, visitation and commissary privileges were revoked for ninety days; and (4) the petitioner was transferred to another federal prison more than 500 miles from his (petitioner's) family.

## 2. Administrative Appeals

The BOP has created administrative remedies for federal prisoners bringing a 28 U.S.C. §2241 petition, which are set forth in 28 C.F.R. §§542.10-.16 (1987). According to 28 C.F.R. §542.14(d)(2), DHO appeals are to be submitted initially to the Regional Director for the region where the inmate is currently located. Submission of appeals to the Regional Director are set forth in 28 C.F.R. §542.15.[2]

The next and final step in the BOP's administrative remedy process is the filing of a BP-11 appeal with the BOP's Central Office.

---

[2]

28 C.F.R. §542.15(a) provides as follows:

"An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. . . . When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in §542.14(b) of this part.

> . . . An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.

28 C. F.R. §542.15(a).

Pursuant to the Court's Order of December 26, 2006 [Record No. 4], the petitioner was directed to provide the Court with evidence of the administrative remedies which he pursued in connection with the claims asserted in the §2241 petition. In response, the petitioner filed several documents [Record No. 6]. The filings reveal that, inexplicably, the petitioner waited almost a year before he filed any type of administrative grievance concerning the events which arose on March 25, 2005.

On March 13, 2006, the petitioner filed an "Attempt at Informal Resolution" (BP-8). In his BP-8, the petitioner stated that while prison officials secured him on the ground, Inmate Macias brutally attacked him by kicking him in the face. Petitioner alleged that FCI-Beaumont correctional officers failed to ensure his safety and protect him from violent inmates. Petitioner asked that the unidentified correctional officers be terminated from their positions.

FCI-Beaumont staff responded on March 20, 2006, that the petitioner was past his time frame on the issue. On April 20, 2006, the petitioner filed a "Request for Administrative Remedy" (BP-9) with the warden of FCI-Beaumont. Interestingly, the petitioner complained only in his BP-9 about the fact that he (petitioner) had sustained a loss of personal property on March 25, 2005. Specifically, he complained as follows:

> On March 25, 2005, I was confined to the . . . (SHU). Pending an investigation on June 13, 2005, Officer Miller inventoried my personal property in which my Nike running shoes and my Timex were missing from my personal property. Officer John Doe willfully failed to secure my property

4

in a timely manner, which resulted in loss or theft of the above items from my personal property.

The petitioner stated that he was seeking compensation for the loss of his watch and running shoes. He also again requested that the responsible correctional officers be terminated from their employment.

On April 26, 2006, the warden of FCI-Beaumont rejected the BP-9 as untimely <u>and</u> because the petitioner had not demonstrated that he had attempted an informal resolution of his claims. The petitioner filed an appeal (BP-10) to the BOP's South Central Regional Office ("SCR9") on May 2, 2006. On May 17, 2006, the SCRO rejected the BP-10 appeal for three reasons. First, the SCRO determined that the BP-10 was untimely. Second, the SCRO stated that the petitioner had submitted his appeal to the wrong level.[3] Third, the SCRO informed the petitioner that he needed to re-file his BP-10 in the Mid-Atlantic Regional Office ("MARO") because that was the region where he was confined . The SCRO further noted in its "Reason # 3" that the petitioner was complaining about an issue from March 25, 2005, although it did not specify timeliness as a reason for rejection.

On June 15, 2006, the MARO rejected the petitioner's second BP-10 appeal on the basis that the appeal was untimely. The MARO stated, "You reference an issue from 3/25/05." The petitioner's filings in this action [Record No. 6] do not indicate that he undertook an appeal to the BOP's Central office, which appeal is known as a BP-11.

---

[3] The SCRO's statement on this issue is not clear, given that the petitioner had, in fact, unsuccessfully lodged a BP-9 appeal with the warden of FCI-Beaumont.

5

Petitioner's Legal Arguments

The petitioner claims in his §2241 filing that there was insufficient evidence to convict him of the offense with which he was charged and for which he was convicted. He alleges several claims alleging that he was denied due process of law under the Fifth Amendment. He claims that he was unable to present mitigating witnesses and that he was prevented from reviewing surveillance videos. He claims that the witnesses he wanted to call, and the review of the prison surveillance videos, would have enabled him to prove his innocence of the disciplinary charges.

DISCUSSION

1. Exhaustion of §2241 Claims Required

The Court is not required to address the merits of the petitioner's Fifth Amendment claims. This is because, as a preliminary matter, the petitioner has not demonstrated that he pursued the requisite administrative remedies set forth in 28 C. F.R. §542.10-16 (2007). Prisoners who seek relief under 28 U.S.C. §2241 are required to exhaust judicially created administrative remedies before filing a habeas action in district court. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition) (a federal prisoner must first exhaust his available administrative remedies before filing a §2241 petition); *United States v. Oglesby*, 52 Fed. Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

Here, the petitioner has not demonstrated that he has administratively exhausted his Fifth Amendment claim that he was denied due process of law. While the petitioner initially complained in his BP-8 about being assaulted by other inmates while FCI-Beaumont correctional officers restrained him, he did not complain about the process involved or about the disciplinary sanction which resulted from the disciplinary hearing.

Petitioner's BP-8, BP-9, and two BP-10's are silent as to any Fifth Amendment challenges regarding the procedures employed in the disciplinary hearing; the evidence or testimony presented therein; the DHO's findings of fact; or as to the propriety of the revocation of the GTC about which he complains in the instant §2241 petition. In his BP-8, BP-9, and two BP-10 appeals, the petitioner complained only about two matters: (1) being assaulted by Inmate Macias (which would be a construed Eighth Amendment claim of cruel and unusual punishment) and (2) the loss or theft of his personal property, specifically his Nike running shoes and his Timex watch.

In fact, in his BP-9 filed with the warden, and in his BP-10's filed with both the SCRO and the MARO, the petitioner abandoned his complaint that the prison officials had held him to the ground in such a way as to allow him to be attacked by Inmate Macias. Instead, he complained in those submissions only about the loss or theft of his running shoes and his watch.

With regard to the challenge to the disciplinary sanctions imposed (specifically, the loss of 27 days of GTC), he simply has not followed the BOP's administrative procedure with regard to the Fifth Amendment claim he asserts in the instant §2241 petition. For this reason, the Court must dismiss the §2241 petition without prejudice to the petitioner

exhausting his claims according to the BOP's regulation. While it appears that the petitioner may be time-barred on this issue, the Court will still dismiss the petition *without* prejudice to his ability to assert those claims before the BOP according to the process governing appeals of DHO decisions.

## 2. FTCA Claim Time-Barred

The petitioner submitted a "Claim for damage, Death or Injury" under the FTCA on August 10, 2005. The petitioner's claim sought monetary compensation for his missing Nike Cross Trainer tennis shoes and his Timex watch, for a total of $96.00.

By letter dated February 17, 2006, Michael d. Hood, Regional counsel of the BOP rejected the petitioner's FTCA claim. Hood denied that the two items were even in the petitioner's possession when he was placed in segregated confinement on March 25, 2005, based on the prison's records.

An FTCA tort claimant must present his claim in writing to the appropriate agency within two years of the date the claim accrued, and bring a civil action within six months after the agency mails the notice of final denial of the claim. 28 U.S.C. §2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir.2002); *Graham v. United States*, 96 F.3d 446, 448 (9th Cir.1996).

Here, the BOP notified Juarez by letter dated **February 17, 2006**, that his claim had been rejected. The letter informed the petitioner that he had six months from the mailing date of the notification to file suit in federal district court as to his claims of lost or stolen personal property. Thus, the six-month deadline would have expired on or about **August 17, 2006.** Juarez filed his initial §2241 in federal court in Texas on **October 17, 2006**, two months after

8

the statute of limitations for filing his FTCA claims had expired. The petitioner's FTCA claims asserted in this action are thus time-barred. *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995). *Brockett v. Parks*, 48 Fed. Appx. 539, *541, 2002 WL 31260347, **2 (C.A.6 (Ky. (C.A.6 (Ky.),2002).

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)  Hector Rios, the warden of USP-Big Sandy, is substituted as the respondent in this proceeding, and the Clerk is directed to note this substitution in the record.

(2)  Petitioner Juarez's petition for a writ of habeas corpus is **DENIED.**

(3)  This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion in favor of the named respondent.

(4)  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 7th day of February, 2007.

Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**